UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re:

MICHELLE MARIE BALETTI

    Debtor,

-------------------------------

PREM DHAWAN,

    Plaintiff and Appellee,

    v.

A. LEWIS CHANDLER,

    Defendant and Appellant.

-------------------------------

CASE NO. CIV. S-06-1507 WBS

(Bankruptcy Court No. 05-27329-C7)

(Adversary Proceeding No. 05-2302)

MEMORANDUM AND ORDER RE: BANKRUPTCY APPEAL

----oo0oo----

Appellant A. Lewis Chandler appeals, pursuant to 28 U.S.C. § 158(a), several orders of the United States Bankruptcy Court denying summary judgment and finding a waiver of his right to a jury trial.

I.   Factual and Procedural Background

On June 15, 2005, Michelle Marie Balletti ("Debtor") filed a Chapter 7 bankruptcy petition.  (March 28, 2006

1

Opposition at 5.)  On August 18, 2005, as part of that bankruptcy action, appellee Prem Dhawan, trustee in bankruptcy of Debtor's estate, initiated an adversary proceeding in Bankruptcy Court against Consumer Action Committee ("CAC"), a corporation,seeking declaratory relief and a turnover of real property formerly owned by Debtor.[1]  The complaint alleged that the January 4, 2005, deed executed by Debtor, granting the Oakland property to CAC, was a "fraudulent transfer" that should be avoided under 11 U.S.C. 548(a).  (Id. ¶ 3.)  On November 23, 2005, the Bankruptcy Court granted a motion by appellant A. Lewis Chandler to intervene as defendant, based on his assertions that while CAC was the named title holder, appellant was in fact the legal and equitable owner of the property, and thus a real party in interest.[2]  (November 23, 2005 Bankruptcy Court Order.)

On February 21, 2006, appellant filed a motion for summary judgment with the Bankruptcy Court, in which he asserted that plaintiff appellee had failed to set forth any genuine issue of material fact.  On April 14, 2006, the Bankruptcy Court denied appellant's motion, based on its finding that disputes still existed as to material facts.  (April 14, 2006 Bankruptcy Court Order.)  In particular, it appeared that both parties continued to dispute the value of the Oakland property.  (Id.)  On May 30, 2006, appellant again moved for summary judgment on essentially

---

[1] The property in question is commonly known as 551 Jean Street #304, Oakland, California, a condominium ("Oakland property").

[2] Default was eventually entered against CAC, based on its failure to ever file an answer, acquire counsel or appear in the adversary proceeding.  (October 27, 2005 Bankruptcy Court Entry of Clerk's Default.)

2

identical grounds.  On June 9, 2006, the Bankruptcy Court again denied the motion, based this time on appellant's failure to abide by Local Bankruptcy Rule 9014-1, which requires that a party file a motion at least twenty eight days prior to the hearing date.  (June 9, 2006 Bankruptcy Court Order.)

On June 16, 2006, appellant noticed an appeal to this court from the Bankruptcy Court's denial of his Second Motion for Summary Judgment, (June 9, 2006 Bankruptcy Court Order), as well "all interlocutory orders that gave rise to that judgment." (June 16, 2006 Notice of Appeal.)  Appellant presents three issues for appeal in his opening brief: 1) the court erred in denying appellant's second summary judgment motion; 2) the court erred in denying appellant's first summary judgment motion; and 3) the court erred in denying appellant's demand for jury trial.[3] (Appellant's Opening Brief 5 (Statement of Issues Presented).)

II.  Discussion

    A.  Legal Standard

The bankruptcy court's findings are reviewed for clear error and its conclusions of law are reviewed de novo.  In re Britton, 950 F.2d 602, 604 (9th Cir. 1991).  In reviewing the Bankruptcy Court's order, this court's review is not limited to consideration of the grounds upon which the lower court decided the issue; an appellate court can affirm based on any grounds in

---

[3] Subsequent to a December 6, 2005 status conference, on December 7, 2005, the Bankruptcy Court entered a pre-trial scheduling order, in which it ordered that "any right to a jury trial is waived by the omission of such a request from the complaint."  (December 7, 2005 Bankruptcy Court Order 8.) Presumably, appellant is appealing this pre-trial scheduling order.

the record. <u>Sicor Ltd. v. Cetus Corp.</u>, 51 F.3d 848, 860 n.17 (9th Cir. 1995); <u>Helvering v. Gowran</u>, 302 U.S. 238, 245 (1937) ("In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.").

    B.   <u>Jurisdiction</u>

Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158. That section vests the district courts with jurisdiction to hear appeals "from final judgments, orders, and decrees . . . and with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. §§ 158(a) & (c). Thus, only "final" rulings may be appealed as a matter of right; a party seeking to appeal any other order <u>must</u> seek leave of the court. <u>In re Frontier Props., Inc. v. Elliot</u>, 979 F.2d 1358, 1362 (9th Cir. 1992).

A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Id.</u> (citing <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945)). The Ninth Circuit has observed, however, that finality rules in the context of bankruptcy proceedings warrant additional flexibility. <u>In re Mason</u>, 709 F.2d 1313, 1317 (9th Cir. 1983) ("[C]ertain proceedings in a bankruptcy case are so distinctive and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right."); <u>see</u> <u>also</u> <u>In re Victoria Station, Inc.</u>, 840 F.2d 682, 683 (9th Cir. 1988). Thus, courts have adopted a "pragmatic approach" to assessing finality

that focuses on whether "the decision appealed from 'effectively determined the outcome of the case.'" In re Frontier Props., 979 F.2d at 1363 (citing In re Mason, 709 F.2d at 1318). Specifically, a bankruptcy order may be appealed as a matter of right where it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." Id.; In re Allen, 896 F.2d 416, 418 (9th Cir. 1990).

In this case, appellant appeals three orders entered by the Bankruptcy Court--two denials of summary judgment and a pre-trial scheduling order which found a waiver of appellant's right to a jury trial. (Appellant's Opening Brief 5 (Statement of Issues Presented).) "The denial of summary judgment is interlocutory by nature and is thus not appealable." In re Smith, 735 F.2d 459, 461 (11th Cir. 1984); In re Harris, 209 B.R. 990, 992 (10th Cir. 1997) (noting that a denial of summary judgment is not "an appealable order because it does not dispose of the entire case but requires it to be resolved at trial."); In re Kong, 196 B.R. 167 (N.D. Cal. 1996) (holding that the bankruptcy court's summary judgment in an adversary proceeding brought by trustee against debtors who allegedly made improper transfers was interlocutory, since it did not resolve all claims between trustee and bank; thus, trustee was required to have leave to appeal); see also Swint v. Chambers County Comm'n, 514 U.S. 35, 49 (1995) (noting the Eleventh Circuit's lack of jurisdiction to review a lower court's denial of a summary judgment motion).

Here, when the Bankruptcy Court denied appellant's

5

1  motions for summary judgment, it did not adjudicate any of
2  appellant's rights in regards to the Oakland property with any
3  sort of finality.  The only practical effect of the orders was to
4  "merely preserve[] the status quo in the case" for a later
5  determination on the merits.  In re Smith, 735 F.2d at 461.  The
6  order denying both of these motions was therefore interlocutory.
7         Moreover, it is clearer still that an order denying a
8  jury trial is not final for the purposes of appeal.  City of
9  Morgantown, W. Va. v. Royal Ins. Co., 337 U.S. 254, 258 (1949)
10 ("The ruling from which the appeal in this case was prosecuted
11 [denying a demand for jury trial] is an order interlocutory in
12 form and substance.  Nothing in the language of the rules or the
13 Judicial Code brings it within the class of appealable
14 decisions."); In re Hooker Invs., 937 F.2d 833, 837 (2d Cir.
15 1991) (an order with the collateral effect of eliminating a right
16 to a jury trial was not final); In re S. Indus. Banking Corp., 70
17 B.R. 196, 199-200 (E.D. Tenn. 1986) ("Denial of a jury trial may
18 not be characterized as a final order."); In re Bowers, 123 B.R.
19 821, 823 (N.D. Ill. 1991) ("Even under the most liberal
20 definition of finality, this court cannot conclude that an order
21 which grants (or denies) a jury trial, standing alone, is
22 final.").  The only effect of a grant or denial of a jury trial
23 is to "prescribe the method of fact-finding to be applied to the
24 underlying dispute; it obviously does not dispose of the
25 dispute."  In re Hooker Invs., 937 F.2d at 837 (citing City of
26 Morgantown, 337 U.S. at 256).  The Bankruptcy Court's pre-trial
27 scheduling order, in which appellant's right to jury trial was
28 waived, was therefore interlocutory.

1 All of the orders that appellant appeals from the
2 Bankruptcy Court are interlocutory in nature, and because
3 appellant has not sought leave of the court, this court is
4 without jurisdiction to hear the appeal.[4]  28 U.S.C. 158(c).
5 IT IS THEREFORE ORDERED that appellant's appeal be, and
6 the same hereby is, DISMISSED for lack of jurisdiction.
7 DATED: October 26, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Additionally, it must be noted that the notice of appeal from a bankruptcy court order must be filed with the clerk of the bankruptcy court "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). The untimely filing of the notice of appeal is jurisdictional. In re Souza, 795 F.2d 855, 857 (9th Cir. 1986); In re Mouradick, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."). In this case, the pre-trial scheduling order was entered by the Bankruptcy Court on December 7, 2005; the first order denying summary judgment was entered on April 12, 2006; and the second order denying summary judgment was entered on June 9, 2006. Appellant's singular notice of appeal was filed on June 16, 2006. Thus, even if appellant had sought leave of this court, appellant's notice of appeal to the Bankruptcy Court was only timely with regard to that court's June 6, 2006, order. Therefore, this court lacks jurisdiction over all other orders on this ground as well.

7