UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re:

MICHELLE MARIE BALETTI

    Debtor,

-----------------------------

PREM DHAWAN,

    Plaintiff and Appellee,

    v.

A. LEWIS CHANDLER,

    Defendant and Appellant.

-----------------------------

CASE NO. CIV. S-06-1507 WBS
CIV. S-06-1801-WBS

(Bankruptcy Court No. 05-27329-C7)

(Adversary Proceeding No. 05-2302)

MEMORANDUM AND ORDER RE: MOTION FOR RECONSIDERATION

----oo0oo----

        Currently before the court is Appellant A. Lewis Chandler's motion for reconsideration of the court's order of October 26, 2006, dismissing Chandler's appeal from several orders of the United States Bankruptcy Court denying summary judgment and denying his request for a jury trial because the court lacked jurisdiction to hear the appeal.

1

1  ///

2          The court will consider Chandler's motion under Fed. R.
3  Civ. P. 60(b) because it seeks relief from a previous order.
4  Reconsideration is an "extraordinary remedy, to be used sparingly
5  in the interests of finality and conservation of judicial
6  resources."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d
7  877, 890 (9th Cir. 2000).  Rule 60(b) "provides for
8  reconsideration only upon a showing of (1) mistake, surprise, or
9  excusable neglect; (2) newly discovered evidence; (3) fraud; (4)
10 a void judgment; (5) a satisfied or discharged judgment; or (6)
11 'extraordinary circumstances' which would justify relief."  Id.
12 Under Rule 60(b), reconsideration is generally only appropriate
13 where the district court (1) is presented with newly discovered
14 evidence, (2) committed clear error or the initial decision was
15 manifestly unjust, or (3) if there is an intervening change in
16 controlling law.  See United States v. Westlands Water Dist., 134
17 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

18          Under Local Rule 78-230(k)(3), motions for
19 reconsideration must also set forth "what new or different facts
20 or circumstances are claimed to exist which did not exist or were
21 not shown upon such prior motion, or what other grounds exist for
22 the motion."  In addition, the moving party bears the burden of
23 showing the necessary grounds for granting relief.  See Cassidy
24 v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).  The court must
25 take the moving party's factual allegations as true.  Id.  Mere
26 legal conclusions, general denials, or simple assertions that the
27 movant has a meritorious defense are insufficient to justify
28 upsetting the underlying judgment.  Id.

2

///

Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158. That section vests the district courts with jurisdiction to hear appeals "from final judgments, orders, and decrees . . . and with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. §§ 158(a) & (c). Thus, only "final" rulings may be appealed as a matter of right; a party seeking to appeal any other order <u>must</u> seek leave of the court. <u>In re Frontier Props., Inc. v. Elliot</u>, 979 F.2d 1358, 1362 (9th Cir. 1992).

Chandler argues that the court committed clear error in ruling that it lacked jurisdiction over the appeal because the Bankruptcy Court had in fact entered a final judgment. Chandler relies on <u>In re Rains</u>, 482 F.3d 893, 901 (9th Cir. 2005). In <u>Rains</u>, the Ninth Circuit held that the district court, acting in its appellate capacity, had jurisdiction to hear an appeal from an interlocutory order of the bankruptcy court approving a settlement agreement. <u>Id.</u> at 901 ("Whatever prematurity existed in Rains's appeal from the order approving the settlement agreement was cured by the subsequent entry of a final judgment."). In its previous order, because it was not made clear that Chandler's appeal of final judgment was also before this court, the court did not consider the effect of that appeal upon the court's jurisdiction. The court accordingly erred in dismissing the entire appeal for lack of jurisdiction.

1. <u>Appeal of Jury Demand Denial</u>

Chandler appealed the bankruptcy court's denial of his demand for a jury trial. An appellant may appeal from certain

3

kinds of interlocutory orders after the entry of final judgment. Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 897 (9th Cir. 2001) ("A party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment."); Munoz v. Small Business Administration, 644 F.2d 1361, 1364 (9th Cir. 1981) (noting that "an appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment"). Because the matter was heard and decided ultimately by the court without a jury, the denial of Chandler's request for jury trial led ultimately to the judgment. The court therefore erred in finding that it did not have jurisdiction to hear the appeal from that denial. Accordingly, Chandler's motion for reconsideration will be granted with regard to his appeal from the order of the Bankruptcy Court denying his demand for jury trial.

        2.   Appeal of Summary Judgment Denials

Chandler also appealed the Bankruptcy Court's two denials of his summary judgment motions. The court did not commit a clear error in finding that it lacked jurisdiction to hear the appeal from those orders.

Rains held that "even if the order approving the settlement agreement were interlocutory, we are not necessarily deprived of jurisdiction because 'subsequent events can validate a prematurely filed appeal.'" Rains, 428 F.3d at 901 (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389.) The subsequent events in Rains included appeals from court orders enforcing the settlement agreement. Id. at 898-99. Specifically, the Rains bankruptcy court granted an ex parte application for entry of

4

judgment pursuant to the terms of the settlement agreement. An appeal of the Rains bankruptcy court's judgment thus naturally drew into question the interlocutory order approving the settlement agreement. Cf. Munoz, 644 F.2d at 1364.

An appeal of a denial of summary judgment is materially different. An order denying summary judgment does not ordinarily become appealable after a trial on the merits. Allahar v. Zahora, 59 F.3d 693, 695 (7th Cir. 1995) ("Once a trial has been completed and all the facts presented, it is almost always immaterial whether or not summary judgment should have been granted at an earlier point in the proceedings."); see also Haberman v. The Hartford Ins. Group, 443 F.3d 1257, 1264 (10th Cir. 2006) ("The denial of summary judgment based on factual disputes is not properly reviewable on an appeal from a final judgment entered after trial."). The proper redress for a denial of a summary judgment based on a factual dispute "would not be through appeal but subsequent motions for judgment as a matter of law . . . and appellate review of those motions if they were denied." Whalen v. Unit Rig, Inc., 974 F.2d 1248, 1250-51 (10th Cir.), cert. denied, 507 U.S. 973 (1993).

Further, the question of the propriety of considering Chandler's summary judgment motions is jurisdictional. E.E.O.C. v. Sears, Roebuck & Co., 839 F.2d 302, 354 n.55 (7th Cir. 1988) (whether to make an exception to the normal rule that an order denying summary judgment is not appealable goes to the jurisdiction over a particular appeal.) The court does not have jurisdiction to hear an appeal from the denial of summary judgment motions based on factual disputes even after final

judgment has been entered.  An appellant may contest the final judgment and all non-final orders which produced the final judgment.  <u>Munoz</u>, 644 F.2d at 1364.  Because Chandler was afforded an opportunity to contest the facts at a hearing subsequent to the Bankruptcy Court's denials of his summary judgment motions for the reason that material facts remained, those denials were immaterial to the Bankruptcy Court's final judgment.  Accordingly, the court will deny Chandler's motion for reconsideration of that part of this court's previous order dismissing his appeal from the bankruptcy court's orders denying his motions for summary judgment.

IT IS THEREFORE ORDERED that:

(1) appellant Chandler's motion for reconsideration be, and the same hereby is, GRANTED IN PART, as to the jury trial denial; and DENIED IN PART, as to the denial of the motions for summary judgment;

(2) the court's October 26, 2006, order is VACATED IN PART, insofar as the court dismissed the appeal of the jury demand denial for lack of jurisdiction.

Appellant is given fifteen days to file an Opening Brief consistent with this order.  Appellee's Opening Brief shall be due fifteen days after service of appellant's Opening Brief.

DATED:  January 2, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE