1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                           ----oo0oo----

11  In re:

12  MICHELLE MARIE BALETTI            CASE NO. CIV. S-06-1507 WBS

13       Debtor,                      (Bankruptcy Court No. 05-
                                      27329-C7)
14  -----------------------------
                                      (Adversary Proceeding No. 05-
15  PREM DHAWAN,                      2302)

16       Plaintiff and Appellee,
                                      ORDER RE:
17       v.                           MOTION FOR RECONSIDERATION
    A. LEWIS CHANDLER,
18
         Defendant and Appellant.
19
    -----------------------------
20

21                           ----oo0oo----

22           Appellant A. Lewis Chandler moves for reconsideration

23  of the court's order of June 12, 2007, which denied his motion to

24  vacate this court's order of January 2, 2007 and the bankruptcy

25  court's judgment of July 6, 2006, and dismissed his appeal.[1]

26  _____

27       [1]   This is the fourth time that appellant has appeared
    before this court in this matter.  The facts of this case are
28  detailed in the court's order of October 26, 2006.

                                 1

Appellant brings his motion pursuant to Federal Rule of Bankruptcy Procedure 8015, which grants a party the right to file a motion for rehearing within ten days but does not explicitly provide a standard of review.  A district court may reconsider an order under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment or order).  Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  A motion for reconsideration "should not merely present arguments previously raised, or which could have been raised in the initial summary judgment motion."  United States v. Wetlands Water Dist. 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) (citing Backlund, 778 F.2d at 138).

Reconsideration under 59(e) is appropriate when the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Westlands Water Dist., 134 F. Supp. 2d at 1131 (finding reconsideration appropriate under Rule 59(e) where "the district court is presented with newly-discovered evidence or committed clear error; the initial decision was manifestly unjust; or if there is an intervening change in controlling law" (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).  Appellant does not cite a change

in facts or controlling law in support of the motion, but argues

that the court committed clear error with its order of June 12,

2007, and that the order was unjust.

Appellant continues to argue that vacatur of the

bankruptcy court's judgment and the court's order of January 2,

2007, is mandated by the Ninth Circuit's holding in In re

Pattullo.  271 F.3d 898 (9th Cir. 2001).  When a civil case

becomes moot pending appellate adjudication, "the established

practice . . . in the federal system . . . is to reverse or

vacate the judgment below and remand with a direction to

dismiss."  Arizonans for Official English v. Ariz., 520 U.S. 43,

71 (1997) (quoting United States v. Munsingwear, Inc., 340 U.S.

36, 39 (1950)).  "Vacatur is in order when mootness occurs

through happenstance--circumstances not attributable to the

parties--or, relevant here, the unilateral action of the party

who prevailed in the lower court." Id. at 71-72.

For the reasons discussed in the June 12, 2007 order,

the vacatur is not appropriate here.  Because appellee merely

executed the bankruptcy court's judgment, appellee's actions did

not have the effect of stopping appellant's attempts to seek

review of the bankruptcy court's order.  See Arizonans for

Official English, 520 U.S. at 71 (The purpose of vacating is to

clear the "path for future relitigation by eliminating a judgment

the loser was stopped from opposing on direct review.").

Appellant also argues that the court committed error by

dismissing his appeal.  The court's order of January 2, 2007

contained explicit instructions as to how the appellant should

prosecute his appeal.  This court gave appellant fifteen days to

3

file an Opening Brief with this court.  Appellant did not follow
the court's instructions.

        IT IS THEREFORE ORDERED that appellant's motion for
reconsideration of the court's June 12, 2007 order be, and the
same hereby is, DENIED.

DATED:  August 8, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4